Martin W. Aron (MA 2008)
Scott H. Casher (SC 7903)
Edwards Angell Palmer & Dodge LLP
Attorneys for Defendant Verizon N.Y. Inc.
750 Lexington Avenue
New York, NY  10022
212.308.4411

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GERARD FENN

    Plaintiff,

 -against-

VERIZON COMMUNICATIONS, INC.,
CWA LOCAL 1109, and CWA
INTERNATIONAL

    Defendants.

---

08 cv 2348 (GEL)(AJP)

**ANSWER**

  Defendant Verizon New York Inc. (improperly sued herein as Verizon Communications, Inc.) (hereinafter "Verizon"), by and through its attorneys, Edwards Angell Palmer & Dodge LLP, answers the complaint on information and belief as follows:

### I.  NATURE OF CLAIMS

  1. Verizon denies the allegations contained in paragraph 1 of the complaint and refers all questions of law to the Court.

### II. VENUE & PARTIES

  2. Verizon is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 2 of the complaint.

STM 248159.1

3.  Verizon admits that it transacts business within New York State, but it denies all the remaining allegations contained in paragraph 3 of the complaint and refers all questions of law to the Court.

4.  Verizon is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 4 of the complaint and refers all questions of law to the Court. In addition, the allegations contained in paragraph 4 of the complaint are not directed toward Verizon.

5.  Verizon is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 5 of the complaint and refers all questions of law to the Court. In addition, the allegations contained in paragraph 5 of the complaint are not directed toward Verizon.

6.  Verizon denies that its principal place of business is 140 West Street, New York, New York 10007 and refers all questions of law to the Court.

### III. FACTUAL BACKGROUND

7.  Verizon is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 7 of the complaint, except that Verizon admits that plaintiff started working for Verizon's predecessor company on or about May 14, 1979 and that plaintiff reported to work in Brooklyn at the 26th Avenue Garage immediately prior to his leave of absence in the Fall of 2004.

8.  Verizon is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 8 of the complaint. In addition, the allegations contained in paragraph 8 of the complaint are not directed toward Verizon.

9. Verizon is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 9 of the complaint, except that Verizon denies that John McHugh witnessed the incident and confrontation allegedly directed at plaintiff.

10. Verizon is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 10 of the complaint.

11. Verizon is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 11 of the complaint, and Verizon denies allegations that plaintiff was subjected to a discriminatory or hostile work environment and refers all questions of law to the Court.

12. Verizon is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 12 of the complaint, and Verizon denies allegations that plaintiff was subjected to a discriminatory or hostile work environment and refers all questions of law to the Court.

13. Verizon is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 13 of the complaint, except that Verizon admits that plaintiff showed John McHugh and Ronald Abraham graffiti on a table that referenced plaintiff, and Verizon denies allegations that plaintiff was subjected to a discriminatory or hostile work environment and refers all questions of law to the Court.

14. Verizon is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 14 of the complaint, and Verizon denies allegations that plaintiff was subjected to a discriminatory or hostile work environment and refers all questions of law to the Court.

STM 248159.1

- 4 -

15. Verizon is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 15 of the complaint, except that Verizon admits that plaintiff and other Verizon employees would occassionally stand in the hallway outside the 26th Avenue break room in the morning waiting to receive their daily assignments and admits that plaintiff requested to meet with John McHugh about the alleged harassment, and Verizon denies allegations that plaintiff was subjected to a discriminatory or hostile work environment and refers all questions of law to the Court.

16. Verizon is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 16 of the complaint, except that Verizon admits that plaintiff met with John McHugh regarding the alleged harassment and plaintiff's request for a change in work hours, and Verizon denies allegations that plaintiff was subjected to a discriminatory or hostile work environment and refers all questions of law to the Court.

17. Verizon denies the allegations set forth in paragraph 17 of the complaint.

18. Verizon is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 18 of the complaint, and Verizon denies allegations that plaintiff was subjected to a discriminatory or hostile work environment and refers all questions of law to the Court.

19. Verizon is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 19 of the complaint, and Verizon denies allegations that plaintiff was subjected to a discriminatory or hostile work environment and refers all questions of law to the Court.

20. Verizon is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 20 of the complaint, and Verizon denies allegations that

- 5 -

plaintiff was subjected to a discriminatory or hostile work environment and refers all questions of law to the Court.

21. Verizon is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 21 of the complaint, and Verizon denies allegations that plaintiff was subjected to a discriminatory or hostile work environment and refers all questions of law to the Court.

22. Verizon is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 22 of the complaint, and Verizon denies allegations that plaintiff was subjected to a discriminatory or hostile work environment and refers all questions of law to the Court.

23. Verizon is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 23 of the complaint, and Verizon denies allegations that plaintiff was subjected to a discriminatory or hostile work environment and refers all questions of law to the Court.

24. Verizon is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 24 of the complaint.

25. Verizon is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 25 of the complaint, and Verizon denies allegations that plaintiff was subjected to a discriminatory or hostile work environment and refers all questions of law to the Court.

- 6 -

26.     Verizon is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 26 of the complaint, and Verizon denies allegations that plaintiff was subjected to a discriminatory or hostile work environment and refers all questions of law to the Court.

27.     Verizon is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 27 of the complaint.

28.     Verizon is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 28 of the complaint, and Verizon denies allegations that plaintiff was subjected to a discriminatory or hostile work environment and refers all questions of law to the Court.

29.     Verizon is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 29 of the complaint.

30.     Verizon is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 30 of the complaint, and Verizon denies allegations that plaintiff was subjected to a discriminatory or hostile work environment and refers all questions of law to the Court.

31.     Verizon is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 31 of the complaint, and Verizon denies allegations that plaintiff was subjected to a discriminatory or hostile work environment and refers all questions of law to the Court.

STM 248159.1

32.     Verizon is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 32.

33.     Verizon is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 33 of the complaint, and Verizon denies allegations that plaintiff was subjected to a discriminatory or hostile work environment and refers all questions of law to the Court.

34.     Verizon denies the allegations set forth in paragraph 34 of the complaint and refers all questions of law to the Court.

## IV. FIRST CAUSE OF ACTION

35.     Verizon repeats its responses to paragraphs 1 through 34 of the complaint as though fully set forth herein.

36.     Verizon denies the allegations contained in paragraph 36 of the complaint and refers all questions of law to the Court.

37.     Verizon denies the allegations contained in paragraph 37 of the complaint and refers all questions of law to the Court.

38.     Verizon denies the allegations contained in paragraph 38 of the complaint and refers all questions of law to the Court.

39.     Verizon denies the allegations contained in paragraph 39 of the complaint and refers all questions of law to the Court.

40.     Verizon denies the allegations contained in paragraph 40 of the complaint and refers all questions of law to the Court.

41.     Verizon denies the allegations contained in paragraph 41 of the complaint and refers all questions of law to the Court.

- 8 -

### V. SECOND CAUSE OF ACTION

42.     Verizon repeats its responses to paragraphs 1 through 41 of the complaint as though fully set forth herein.

43.     Verizon denies the allegations contained in paragraph 43 of the complaint and refers all questions of law to the Court.

44.     Verizon denies the allegations contained in paragraph 44 of the complaint and refers all questions of law to the Court.

45.     Verizon denies the allegations contained in paragraph 45 of the complaint and refers all questions of law to the Court.

46.     Verizon denies the allegations contained in paragraph 46 of the complaint and refers all questions of law to the Court.

47.     Verizon denies the allegations contained in paragraph 47 of the complaint and refers all questions of law to the Court.

48.     Verizon denies the allegations contained in paragraph 48 of the complaint and refers all questions of law to the Court.

### VI. THIRD CAUSE OF ACTION

49.     Verizon repeats its responses to paragraphs 1 through 48 of the complaint as though fully set forth herein.

50.     Verizon denies the allegations contained in paragraph 50 of the complaint and refers all questions of law to the Court.

51.     Verizon denies the allegations contained in paragraph 51 of the complaint and refers all questions of law to the Court.

STM 248159.1

52. Verizon denies the allegations contained in paragraph 52 of the complaint and refers all questions of law to the Court.

53. Verizon denies the allegations contained in paragraph 53 of the complaint and refers all questions of law to the Court.

54. Verizon denies the allegations contained in paragraph 54 of the complaint and refers all questions of law to the Court.

### AS AND FOR A FIRST DEFENSE

55. Plaintiff's complaint fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

### AS AND FOR A SECOND DEFENSE

56. Plaintiff's complaint should be dismissed because all actions taken by Verizon with respect to plaintiff were undertaken in good faith, for legitimate business reasons, and Verizon has not violated any rights which may be secured to plaintiff under any federal, state or local laws, rules, regulations or guidelines.

### AS AND FOR A THIRD DEFENSE

57. No adverse employment action was been taken against plaintiff as a result of the actions alleged in the complaint.

### AS AND FOR A FOURTH DEFENSE

58. Plaintiff's claim is barred, in whole or in part, because he has suffered no harm that was proximately caused by Verizon.

**AS AND FOR A FIFTH DEFENSE**

59.     Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunity provided by Verizon or to avoid harm otherwise.

**AS AND FOR A SIXTH DEFENSE**

60.     At all times material hereto, Verizon had an anti-discrimination policy in place that prohibited the conduct alleged by plaintiff.  To the extent that any unlawful conduct occurred, plaintiff failed to follow the procedures set forth therein that Verizon had established to address employees' complaints.

**AS AND FOR A SEVENTH DEFENSE**

61.     Plaintiff's claims are preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

**AS AND FOR AN EIGHTH DEFENSE**

62.     Plaintiff's claims are barred by the applicable statutes of limitation.

**AS AND FOR A NINTH DEFENSE**

63.     Plaintiff failed to exhaust administrative remedies prior to commencing this action.

- 11 -

WHEREFORE, Verizon New York Inc. respectfully requests that this Court:

    a.    Dismiss the complaint in its entirety;

    b.    Deny each and every demand, claim and prayer for relief contained in the complaint;

    c.    Award to defendant Verizon reimbursement for its reasonable attorneys' fees and costs incurred in defending this action; and

    d.    Grant such other and further relief as the Court may deem just and proper.

Dated: April 10, 2008

                /s/
Martin W. Aron (MA 2008)
Scott H. Casher (SC 7903)
Edwards Angell Palmer & Dodge LLP
Attorneys for Defendant Verizon N.Y. Inc.
750 Lexington Avenue
New York, New York 10022
212.308.4411
scasher@eapdlaw.com

To:    Daniel T. Driesen, Esq. (DD 3201)
Sapir & Frumken LLP
Attorneys for Plaintiff
399 Knollwood Road, Suite 310
White Plains, N.Y. 10603
914.328.0366
ddriesen@sapirfrumkin.com

Amy S. Young, Esq. (AY 5547)
Semel, Young & Norum
Attorney for the Communications Workers of America and Local 1109
275 Seventh Avenue, Ste. 2300
New York, N.Y. 10001
212.419.1550
ayoung@cwa-union.org

STM 248159.1